Marc J. Randazza (AZ Bar No. 27861)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
Telephone: (702) 420-2001
Email: ecf@randazza.com

Attorneys for Plaintiff-Creditor,
Hugh Casiano

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>ANTHONY R. MARTINEZ and CANDACE M. MARTINEZ,<br><br>        Debtors. | **In Proceedings Under Chapter 7**<br><br>Bankruptcy Case No. 2:20-bk-01582-DPC |
| HUGH CASIANO,<br><br>        Plaintiff,<br><br>   v.<br><br>CANDACE MARTINEZ,<br> a/k/a Candace Silva-Samante,<br><br>        Defendant. | Adv. Case No.<br><br>**COMPLAINT OBJECTING TO DISCHARGEABILITY PURSUANT TO 11 U.S.C. § 523(A)(6)** |

Plaintiff-Creditor Hugh Casiano ("Mr. Casiano" or "Plaintiff") brings the following Complaint objecting to discharge of debt pursuant to 11 U.S.C. § 523(a)(6) against Defendant-Debtor Candace Martinez a/k/a Candace

- 1 -
Complaint Objecting to Dischargeability Pursuant to 11 U.S.C. § 523(a)(6)
Bankruptcy Case No. 2:20-bk-01582-DPC
Adv. Case No.

Case 2:20-ap-00105-DPC    Doc 1    Filed 04/21/20    Entered 04/21/20 07:25:31    Desc
Main Document    Page 1 of 13

Silva-Samante ("Defendant") and, in support of his Complaint, alleges and states as follows:

**THE PARTIES**

1.    Plaintiff-Creditor Hugh Casiano is an individual residing in Maricopa County, Arizona.  He is the owner of 1 One Armor, a business located in Scottsdale, Arizona that provides various services, including vehicle wrap installation, home window tinting, and car window tinting.

2.    Defendant-Debtor Candace Martinez a/k/a Candace Silva-Samante is an individual who, on information and belief, resides in Phoenix, Arizona.  She is the author of defamatory statements of and concerning Plaintiff that she posted on the consumer review web site <yelp.com> and other online locations.

3.    On information and belief, Defendant is married to co-debtor Anthony Martinez, and the two jointly hold a marital and bankruptcy estate.

**JURISDICTION AND VENUE**

4.    This Court has jurisdiction of this matter under 28 U.S.C. § 157 and 11 U.S.C. § 523.  The claims for relief alleged in this complaint rise under Title 11 of the United States Code and are related to a case pending in the United States Bankruptcy Court for the District of Arizona (the "Bankruptcy Court").  The pending bankruptcy case to which the claims for relief alleged in this Complaint are related to In re Anthony R. Martinez and Candace M. Martinez, Bk Case No. 2:20-bk-01582-MCW (the "Martinez Case").

- 2 -
Complaint Objecting to Dischargeability Pursuant to 11 U.S.C. § 523(a)(6)
Bankruptcy Case No. 2:20-bk-01582-DPC
Adv. Case No.

Case 2:20-ap-00105-DPC    Doc 1    Filed 04/21/20    Entered 04/21/20 07:25:31    Desc
Main Document    Page 2 of 13

5.      The determination of dischargeability is a core proceeding under 28 U.S.C. § 157(b).

6.      Pursuant to 28 U.S.C. § 1409, venue is proper in the District of Arizona, because the Martinez Case is pending in this district and division.

7.      Defendant Candace M. Martinez is a debtor in the Martinez Case.

**FACTS COMMON TO ALL CLAIMS**

8.      Plaintiff is the owner of 1 One Armor ("1 Armor"), a business located in Scottsdale, Arizona that provides various services, including vehicle wraps, home window tinting, and car window tinting.

9.      1 Armor has a profile on the consumer review web site <yelp.com> ("Yelp"), which allows customers of a business to write and post reviews of a given business. These reviews are visible to the general public.

10.      On or about November 25, 2019, Defendant posted the following review of 1 Armor on 1 Armor's Yelp page (the "Defamatory Review"):

> Heed my warning – GO SOMEWHERE ELSE!  Upon my initial arrival by myself and parking my car, two men stood and stared at me.  As uncomfortable as it made me, I asked what they were looking at.  One of the men approached my car and said "it's my property. I can do whatever I want!"  Makes me wonder his relation to Epstein?  Anyone who thinks they can "do anything" should be considered dangerous and untrustworthy! Jacksons offers better service, better tint, more comfortable atmosphere, cheaper prices, and BETTER CUSTOMERS SERVICE!!
>
> P.S. Owner, your customer service skills SUCK BALLS!!!  Here's a tip; staring at women alone in their car can be considered

disturbing.  Especially in this day and age!  Get a greet if people going into your lot is so bothersome!  #metoo.

(Defamatory Review, attached as **Exhibit 1**.)

11.     Sometime between November 25, 2019 and December 2, 2019, Yelp removed the Defamatory Review for violation of its Terms of Service.

12.     On or around November 25, 2019, Defendant then re-posted the Defamatory Review on one or more publicly visible pages on the social media web site <facebook.com>.

13.     Defendant may have published the Defamatory Review in other locations online, which will be determined during discovery.

14.     The Defamatory Review contains a number of false factual allegations.

15.     The statement "[u]pon my initial arrival by myself and parking my car, two men stood and stared at me . . . One of the men approached my car and said 'it's my property, I can do whatever I want!'" is a false statement of fact.

16.     This statement is of and concerning Plaintiff, as the context of the Defamatory Review make it clear that the speaker of this statement, and one of the men who allegedly "stared" at Defendant, is Plaintiff.

17.     Plaintiff did not at any point "stare" at Defendant during her visit to 1 Armor.

18.     In addition to these literally false statements of fact, the Defamatory Review also implies that Plaintiff engaged in serious and criminal sexual misconduct.  Defendant created this implication by opining

Complaint Objecting to Dischargeability Pursuant to 11 U.S.C. § 523(a)(6)
Bankruptcy Case No. 2:20-bk-01582-DPC
Adv. Case No.

Case 2:20-ap-00105-DPC     Doc 1     Filed 04/21/20     Entered 04/21/20 07:25:31     Desc
Main Document       Page 4 of 13

that Plaintiff may have a relation to Jeffrey Epstein, an individual who was notorious for engaging in severe and criminal sexual misconduct.

19.     Defendant reinforced this implication by following the statement "staring at women in their car can be considered disturbing" with "#metoo." #metoo is a common refrain of the "me too" movement, which is a pattern emerging over the past few years of victims of sexual abuse accusing powerful men of such misconduct, and these men often being held responsible for this misconduct either in courts of law or the court of public opinion. Prominent men who have been held responsible due to the efforts of the #metoo movement include Bill Cosby, Harvey Weinstein, Steve Wynn, and Kevin Spacey.

20.     By falsely claiming that Plaintiff "stared" at Defendant while she was in her car and then associating the Defamatory Review with the #metoo movement, Defendant falsely implied that Plaintiff had engaged in the same kind of severe sexual misconduct alleged against the above individuals.

21.     Any implication of Plaintiff engaging in any form of sexual misconduct is categorically false and is not based on any true disclosed facts.

22.     These false statements of fact were made with the intent to injure Casiano and his business, and in fact did so.

//

//

//

## DEFENDANT'S CONDUCT WARRANTS PUNITIVE DAMAGES

## UNDER ARIZONA LAW

23.     Defendant's conduct warrants the imposition of punitive damages under Arizona law.   The factors justifying punitive damages include, at a minimum, the following:

    a.     Defendant knowingly made false and defamatory statements about Plaintiff;

    b.     Defendant knew that these false and defamatory statements about Plaintiff would damage his reputation, goodwill, and business;

    c.     Defendant published the statements despite this knowledge in an effort to hurt Plaintiff's reputation, career, and business and thereby help Plaintiff's business competitors;

    d.     Defendant acted with a high degree of moral turpitude and wanton dishonesty in publishing these statements about Plaintiff; and

    e.     Defendant acted with knowledge that her statements were false, or with reckless disregard for her statements' truth or falsity.

Complaint Objecting to Dischargeability Pursuant to 11 U.S.C. § 523(a)(6)
Bankruptcy Case No. 2:20-bk-01582-DPC
Adv. Case No.

Case 2:20-ap-00105-DPC     Doc 1     Filed 04/21/20     Entered 04/21/20 07:25:31     Desc
Main Document     Page 6 of 13

**COUNT ONE**

**FOR DETERMINATION OF NON-DISCHARGEABILITY OF DEBT UNDER 11 U.S.C.**

**§ 523(A)(6) ARISING FROM WILLFUL AND MALICIOUS DEFAMATION**

24. Plaintiff repeats and re-alleges each of the foregoing paragraphs as if set forth fully herein.

25. Defendant authored and posted the Defamatory Review on or about November 25, 2019.

26. The Defamatory Review was publicly visible to any individual who visited 1 Armor's Yelp page prior to the review being removed by Yelp. The Defamatory Review was and/or is publicly visible to individuals who visit other web sites or web pages where Defendant posted it.

27. On information and belief, at least one third-party individual viewed the Defamatory Review.

28. The Defamatory Review is of and concerning Plaintiff because the context of the review makes it apparent that the unnamed individual who allegedly "stared" at Defendant and allegedly said he could do whatever he wants is Plaintiff.

29. The Defamatory Review contains multiple false statements of fact, including that Plaintiff "stared" at Defendant while she was in her car and stated he could do whatever he wants because it was his property.

30. Plaintiff never "stared" at Defendant.

31. Plaintiff also did not engage in any form of sexual misconduct, as Defendant falsely implied by claiming that Plaintiff was somehow

Complaint Objecting to Dischargeability Pursuant to 11 U.S.C. § 523(a)(6)
Bankruptcy Case No. 2:20-bk-01582-DPC
Adv. Case No.

Case 2:20-ap-00105-DPC    Doc 1    Filed 04/21/20    Entered 04/21/20 07:25:31    Desc
Main Document    Page 7 of 13

affiliated with Jeffrey Epstein and that her false account of events somehow implicated the #metoo movement.

32. Defendant's statements are defamatory in nature because they have a tendency to harm Plaintiff's individual reputation and expose Plaintiff to public contempt, ridicule, aversion, or disgrace.

33. Defendant's statements are defamatory *per se* because they falsely impute criminal conduct to Plaintiff and falsely imply that he has engaged in criminal sexual misconduct. Additionally, the characteristics and conduct Defendant falsely implies Plaintiff possesses are incompatible with his trade or business.

34. Defendant published these statements with actual malice in that she had knowledge that these statements were false, or she published the statements with reckless disregard as to their truth or falsity.

35. Defendant published the Defamatory Review in order to harm Plaintiff, his business, and his reputation, and in doing so, to profit and advance rival business interests at the expense of Plaintiff's interests.

36. Defendant published the Defamatory Review with common law malice toward Plaintiff and with the specific intent to cause damage to Plaintiff.

37. As a result of the false and defamatory statements published by Defendant, Plaintiff's reputation as an ethical, upstanding, businessman with high integrity has been impugned.

Complaint Objecting to Dischargeability Pursuant to 11 U.S.C. § 523(a)(6)
Bankruptcy Case No. 2:20-bk-01582-DPC
Adv. Case No.

38.     As a result of the false and defamatory statements published by Defendant, Plaintiff's relationships with current and potential customers and clients have been undermined and adversely affected.

39.     As a result of the false and defamatory statements published by Defendant, confidence in Plaintiff and his business has been undermined and Plaintiff has suffered a loss of goodwill.

40.     As a result of the false and defamatory statements published by Defendant, Plaintiff has been forced to make an expenditure of money to remedy the defamation.

41.     As a result of the false and defamatory statements published by Defendant, Plaintiff has been exposed to public hatred, ridicule, and contempt.

42.     As a result of the false and defamatory statements published by Defendant, Plaintiff has suffered economic damage.

43.     Defendant's publication of the false and defamatory statements was willful.

44.     Defendant's publication of the false and defamatory statements was malicious.

45.     In publishing the false and defamatory statements, Defendant willfully and maliciously injured Plaintiff.

46.     As a direct and proximate result of the foregoing, Plaintiff has suffered damages not presently ascertained at trial, but believed to be $100,000.

Complaint Objecting to Dischargeability Pursuant to 11 U.S.C. § 523(a)(6)
Bankruptcy Case No. 2:20-bk-01582-DPC
Adv. Case No.

Case 2:20-ap-00105-DPC    Doc 1    Filed 04/21/20    Entered 04/21/20 07:25:31    Desc
Main Document       Page 9 of 13

47.    In view of the foregoing, Plaintiff therefore seeks an order under 11 U.S.C. § 523(a)(6) determining that (1) Plaintiff is entitled to actual, presumed, punitive, and other damages in an amount to be specifically determined at trial; and (2) that said liability is non-dischargeable.

**COUNT TWO**

**FOR DETERMINATION OF NON-DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(A)(6) ARISING FROM FALSE LIGHT INVASION OF PRIVACY**

48.    Plaintiff repeats and re-alleges each of the foregoing paragraphs as if set forth fully herein.

49.    Defendant authored and published the Defamatory Review on or about November 25, 2019.

50.    The Defamatory Review was publicly visible to any individual who visited 1 Armor's Yelp page prior to the review being removed by Yelp. The Defamatory Review was and/or is publicly visible to individuals who visit other web sites or web pages where Defendant posted it.

51.    On information and belief, at least one third-party individual viewed the Defamatory Review.

52.    The Defamatory Review is of and concerning Plaintiff because the context of the review makes it apparent that the unnamed individual who allegedly "stared" at Defendant and allegedly said he could do whatever he wants is Plaintiff.

53.    The Defamatory Review placed Plaintiff in a false light by false implying that he was engaged in serious, criminal sexual misconduct.

Complaint Objecting to Dischargeability Pursuant to 11 U.S.C. § 523(a)(6)
Bankruptcy Case No. 2:20-bk-01582-DPC
Adv. Case No.

54. Defendant intended to create, and did in fact create, this false impression.

55. Plaintiff never "stared" at Defendant and never said to Defendant he could do whatever he wanted, or any similar statement.

56. Plaintiff also did not engage in any form of sexual misconduct, as Defendant falsely implied by claiming that Plaintiff was somehow affiliated with Jeffrey Epstein and that her false account of events somehow implicated the #metoo movement.

57. Defendant's statements are highly offensive to a reasonable person because they imply Plaintiff has engaged in serious, criminal sexual misconduct.

58. Defendant published these statements with actual malice in that she had knowledge that these statements were false, or she published the statements with reckless disregard as to their truth or falsity.

59. Defendant published the Defamatory Review specifically to cause psychological harm to Plaintiff.

60. As a result of the false and defamatory statements published by Defendant, Plaintiff has suffered emotional harm.

61. Defendant's publication of the false and defamatory statements was willful.

62. Defendant's publication of the false and defamatory statements was malicious.

63. In publishing the false and defamatory statements, Defendant willfully and maliciously injured Plaintiff.

Complaint Objecting to Dischargeability Pursuant to 11 U.S.C. § 523(a)(6)
Bankruptcy Case No. 2:20-bk-01582-DPC
Adv. Case No.

64.    As a direct and proximate result of the foregoing, Plaintiff has suffered damages not presently ascertained at trial, but believed to be $100,000.

65.    In view of the foregoing, Plaintiff therefore seeks an order under 11 U.S.C. § 523(a)(6) determining that (1) Plaintiff is entitled to actual, presumed, punitive, and other damages in an amount to be specifically determined at trial; and (2) that said liability is non-dischargeable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Hugh Casiano prays for judgment against Defendant as follows:

(1)    For actual, presumed, and punitive damages in an amount to be specifically determined at trial; and

(2)    For costs, disbursements, fees, and interest as authorized by state and Federal Law and Rules;

(3)    For a decree that all debts determined to be owing by Defendant to Plaintiff which are the subject of this action are deemed and adjudicated to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(6); and

(4)    For such other and additional remedies as the Court may deem just and proper.

Complaint Objecting to Dischargeability Pursuant to 11 U.S.C. § 523(a)(6)
Bankruptcy Case No. 2:20-bk-01582-DPC
Adv. Case No.

Dated: April 21, 2020.  Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza (AZ Bar No. 27861)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117
Email: ecf@randazza.com

Attorney for Plaintiff,
Hugh Casiano

Case 2:20-ap-00105-DPC   Doc 1   Filed 04/21/20   Entered 04/21/20 07:25:31   Desc
Main Document      Page 13 of 13