David L. Brown, State Bar No. (021691)
Richard Crenshaw, State Bar No. (006844)
Matthew G. Simunds, State Bar No (023464)
**Brown & Associates, PLLC**
2450 S. Gilbert Road, Suite 200
Chandler, AZ 85286
Telephone: (480) 656-8358
Fax: (480) 223-6381
dbrown@brown-associates.net
*Attorneys for Defendant-Debtor*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In Re ANTHONY MARTINEZ and CANDACE M MARTINEZ,<br><br>Debtors, | **In Proceedings Under Chapter 7**<br><br>Adversarial No. 2:20-ap-00105 |
| HUGH CASIANO,<br><br>Plaintiff,<br><br>v.<br><br>CANDACE MARTINEZ,<br>a/k/a Candace Silva-Samante,<br><br>Defendant. | Bankruptcy Case No.: 2:20-bk-01582-DPC<br><br>**ANSWER TO COMPLAINT OBJECTING TO DISCHARGEABILITY PURSUANT TO 11 U.S.C. §523(A)(6)** |

As and for her Answer to Plaintiff's Complaint, Answering Defendant CANDACE MARTINEZ, a/k/a CANDACE SILVA-SAMANTE ("Defendant"), by and through counsel undersigned, admits, denies and alleges as follows:

1. Defendant is without sufficient information to form a belief as to the allegations of paragraph 1, which are therefore denied.

1

2. Defendant denies that the statements made concerning Plaintiff were defamatory, the remaining allegations in Paragraph 2 of the Complaint are admitted.

3. As to the allegations in Paragraph 3 of the Complaint, Defendant denies that the alleged statements were made for the benefit of the marital community but admits sharing a joint marital and bankruptcy estate with Anthony Martinez.

4. Admits the allegations in Paragraph 4 of the Complaint.

5. Admits the allegations in Paragraph 5 of the Complaint.

6. Admits the allegations of paragraph 6 of the Complaint.

7. Admits the allegations of paragraph 7 of the Complaint.

8. Defendant is without sufficient knowledge to admit the allegations in Paragraph 8 of the Complaint, and therefore denies the same.

9. Defendant is without sufficient knowledge to admit the allegations of paragraph 9 of the Complaint that all reviews on 1 Armor's yelp.com profile are viewable by the general public and therefore denies the same.

10. Defendant admits that she posted a review on yelp.com but denies the remainder of the allegations in Paragraph 10 as the review referred to as "Defamatory Review" is not accurate.

11. Defendant admits that the review was removed, however she lacks sufficient knowledge to admit or deny the rationale for yelp.com removing the review, therefore, all other allegations in Paragraph 11 of the Complaint are denied.

12. Defendant admits that a review was posted on Facebook, the remaining allegations in Paragraph 12 of the Complaint are denied.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant is without information sufficient to form a belief as to the allegations of Paragraph 15 of the Complaint, and so denies the same.

16. Defendant is without information sufficient to form a belief as to the allegations of Paragraph 16 of the Complaint, and so denies the same.

17. The allegations in Paragraph 17 of the Complaint are denied.

18. The allegations in Paragraph 18 of the Complaint are denied.

19. The allegations in Paragraph 19 of the Complaint are denied.

20. The allegations in Paragraph 20 of the Complaint are denied.

21. The allegations in Paragraph 21 of the Complaint are denied.

22. Defendant is without information sufficient to form a belief as to the allegations in Paragraph 22 of the Complaint, and so denies the same.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Paragraph 24 makes no claim against Answering Defendant, who therefore makes no response thereto.

25. Defendant admits authoring a review of 1 Armor but denies the remainder of the allegations in Paragraph 25.

26. Defendant admits that her review was viewable on yelp.com until it was removed, but denies the remainder of the allegations in Paragraph 26 based on lack of information to form a reasonable belief.

27. Defendant is without information sufficient to form a belief as to the allegations in Paragraph 27 of the Complaint, and so denies the same.

28. Defendant is without information sufficient to form a belief as to the allegations in Paragraph 28 of the Complaint, and so denies the same.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

46. Defendant is without information sufficient to form a belief as to the allegations in Paragraph 46 of the Complaint, and so denies the same.

47. Defendant denies that the Plaintiff is entitled to the order requested in paragraph 47 of the Complaint.

48. Paragraph 48 makes no claim against Answering Defendant, who therefore makes no response thereto.

49. Defendant admits authoring a review of 1 Armor but denies the remainder of the allegations in Paragraph 49.

50. Defendant is without information sufficient to form a belief as to the allegations in Paragraph 50 of the Complaint, and so denies the same.

51. Defendant is without information sufficient to form a belief as to the allegations in Paragraph 51 of the Complaint, and so denies the same.

52. Defendant is without information sufficient to form a belief as to the allegations in Paragraph 52 of the Complaint, and so denies the same.

53. Defendant denies the allegations in Paragraph 53 of the Complaint.

54. Defendant denies the allegations in Paragraph 54 of the Complaint.

55. Defendant denies the allegations in Paragraph 55 of the Complaint.

56. Defendant denies the allegations in Paragraph 56 of the Complaint.

57. Defendant denies the allegations in Paragraph 57 of the Complaint.

58. Defendant denies the allegations in Paragraph 58 of the Complaint.

59. Defendant denies the allegations in Paragraph 59 of the Complaint.

60. Defendant denies the allegations in Paragraph 60 of the Complaint.

61. Defendant denies the allegations in Paragraph 61 of the Complaint.

62. Defendant denies the allegations in Paragraph 62 of the Complaint.

63. Defendant denies the allegations in Paragraph 63 of the Complaint.

64. Defendant denies the allegations in Paragraph 64 of the Complaint.

65. Defendant denies that the Plaintiff is entitled to the order requested in Paragraph 65 of the Complaint.

66. Defendant denies each and every allegation not expressly admitted, or otherwise dealt with in this Answer.

## DEFENSES

For her affirmative defenses, the Defendant alleges the following:

### TRUTH

67. Defendant affirmatively asserts that Defendant's statements and comments were true and cannot form the basis for a defamation action.

### FAIR COMMENT

68. Defendant affirmatively asserts that all of Defendant's statements and comments were fair opinions and comments made without malice and with good motive, made as a private citizen exercising her right of free speech, discussing matters of public importance.

### CONDITIONAL PRIVILEGE

69. Defendant affirmatively asserts that her comments and opinions are protected by conditional and qualified privilege as they were made in good faith in an effort to inform the public of Armor 1's poor performance in the view of Defendant.

### SUBSTANTIAL TRUTH

70. Defendant affirmatively asserts that the doctrine of substantial truth bars Plaintiff's claim.

WHEREFORE, Answering Defendant prays for relief as follows;

1. That the complaint be dismissed, or judgment be entered thereon in favor of Answering Defendant, and against Plaintiff;

2. Denial of Plaintiff's request for a decree that all debts owed pursuant to this claim are non-dischargeable pursuant to U.S.C. §523(A)(6);

3. For her costs and fees incurred in responding to this Complaint as authorized by the State of Arizona and Federal law and rules.

4. For such other and further relief as the court deems just.

RESPECTFULLY SUBMITTED this 20th day May, 2020.

**BROWN & ASSOCIATES, PLLC**

By: */s/David L. Brown*
David Brown
*Attorneys for Defendant*

**COPIES OF THE FOREGOING**
**mailed/faxed/emailed this 20th day**
**of May, 2020**.

Marc J. Randazza, Esq.
**RANDAZZA LEGAL GROUP, PLLC**
2764 Lake Sahara Drive
Suite 109
Las Vegas, Nevada 89117
*Attorneys for Plaintiff*

By: */s/Michelle Kosses*